UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:25-cv-00465

**Justin Randall Jones,**
*Plaintiff,*

v.

**Andrew J. Passons et al.,**
*Defendants.*

**O R D E R**

Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983. Doc. 3. The magistrate judge issued a report and recommendation that the case be dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 18. Plaintiff filed written objections. Doc. 20. The court reviews the objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Plaintiff filed another lawsuit asserting the same claims and containing similar filings. *Jones v. Passons*, No. 4:25-cv-00493 (E.D. Tex. May 2, 2025).

Plaintiff begins by "object[ing] in full" to the magistrate judge's report. Doc. 20 at 1. This general objection does not "specifically identify portions of the Report and the basis for those objections." *Houston v. Dir., TDCJ-CID*, No. 6:14-cv-00231, 2017 WL 11606755, at *4 (E.D. Tex. Mar. 27, 2017) (citing Fed. R. Civ. P. 72(b)). It is therefore insufficient to warrant de novo review of the entire report.

Plaintiff objects that he is not appealing a final state-court custody judgment. Instead, he argues that the Texas Supreme Court "accepted full jurisdiction" of the case. Doc. 20 at 1. This is incorrect. As the magistrate judge noted in the companion case, the Texas Supreme Court denied plaintiff's petition for review. *Jones*, No. 4:25-cv-00493, Doc. 15 at 1. This objection is overruled.

"[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of

paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *See, e.g.*, *Womack v. Wright*, No. 4:18-cv-00567, 2018 WL 7917073, at *6 (E.D. Tex. Nov. 30, 2018), *report and recommendation adopted*, 2019 WL 430914 (E.D. Tex. Feb. 4, 2019), *aff'd in part and dismissed in part*, 788 F. App'x 963 (5th Cir. 2019) (unpublished). Plaintiff's claims seek to enforce a state-court agreement concerning child custody. Defendant's claims are "inextricably intertwined" with the state court's decision and thus are barred from federal court by the *Rooker-Feldman* doctrine. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022).

"Federal courts have consistently applied the *Rooker–Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Runnels v. Charles*, No. 6:20-cv-00126, 2020 WL 1897367, at *2 (E.D. Tex. Mar. 18, 2020), *report and recommendation adopted*, 2020 WL 1891717 (E.D. Tex. Apr. 16, 2020). The magistrate judge correctly concluded that plaintiff's complaint does not seek relief available in federal court. Doc. 18 at 2 (determining that this court does not have jurisdiction to modify child-custody decrees, to review final state-court proceedings, to nullify a state-court judgment, or to seek enforcement of a court agreement concerning child custody).

Having reviewed the magistrate's judge's report de novo, and being satisfied that it contains no error, the court accepts the report's findings and recommendation. Plaintiff's objections are overruled, and his case is dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff's pending motions are denied as moot.

Plaintiff has submitted at least 13 filings seeking, or relating to, emergency relief. He also continues to file emergency motions in the companion case, which has been closed for nearly a month. *See generally Jones*, No. 4:25-cv-00493. Plaintiff is warned that the continued filing of motions that abuse this court's emergency-relief procedures could result in the imposition of filing sanctions.

*So ordered by the court on June 26, 2025.*

_____
J. CAMPBELL BARKER
United States District Judge